1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                       FOR THE DISTRICT OF ARIZONA
8
9   James Sterling Bennett,              )   No. CV 05-0599-PHX-JAT (ECV)
                                         )
10            Plaintiff,                 )   **ORDER**
                                         )
11  vs.                                  )
                                         )
12                                       )
    Joseph Arpaio,                       )
13                                       )
              Defendant.                 )
14                                       )
                                         )
15  ─────────────────────────────────────

16          Pending before the court is Plaintiff's Motion for Leave to File Amended Complaint

17  (Doc. #21) in which he seeks permission from the court to file a proposed First Amended

18  Complaint which has been lodged with the Clerk of Court.  Defendant has filed a Response

19  (Doc. #23) opposing Plaintiff's motion.  Plaintiff has not filed a reply.

20          Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend a

21  complaint] shall be freely given when justice so requires."  However, the policy toward

22  permitting liberal amendment of pleadings "must be tempered with considerations of 'undue

23  delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure

24  deficiencies by amendments previously allowed, undue prejudice to the opposing party by

25  virtue of allowance of the amendment, futility of amendment, etc.'"  Schlacter-Jones v.

26  General Telephone, 936 F.2d 435, 443 (9th Cir. 1991) (quoting Foman v. Davis, 371 U.S.

27  178, 182 (1962)).  "The following factors guide a court's determination of whether a motion

28  to amend should be granted: (1) undue delay; (2) bad faith; (3) futility of amendment; and

1    (4) prejudice to the opposing party." <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1482 (9th Cir.

2    1997).

3         Among other changes, Plaintiff's proposed First Amended Complaint names the

4    Maricopa County Board of Supervisors and John Doe (Jail Administrator) as defendants in

5    addition to Defendant Arpaio.  In his opposition, Defendant Arpaio raises only one argument:

6    that the Maricopa County Board of Supervisors is not an entity that can be sued.  Defendant,

7    however, cites to no authority that prohibits an action against a county board of supervisors.

8    Moreover, other authority supports a contrary conclusion.

9         Arizona Revised Statutes § 11-201 provides in relevant part:

10        A.  The powers of a county shall be exercised only by the board of supervisors or
          by agents and officers acting under its authority and authority of law.  It has the
11        power to:

12        1.  Sue and be sued.
          . . . .
13

14   A.R.S. § 11-201; <u>see also</u> <u>Mack v. United States</u>, 856 F. Supp. 1372, 1378 (D. Ariz. 1994)

     ("The cases are clear that the appropriate body to bring an action involving counties is the
15
     board of supervisors of such county."), <u>rev'd in part on other grounds</u>, 66 F.3d 1025 (9th Cir.
16
     1995), <u>rev'd sub nom</u> , <u>Printz v. United States</u> , 521 U.S. 898 (1997).
17

18        The court finds Defendant's argument that Plaintiff may not sue the Board of

19   Supervisors unconvincing.  Defendant urges no other basis on which the court should deny

20   Plaintiff's request for leave to amend.  The court will therefore grant Plaintiff leave to amend

21   his complaint.  However, the court will not permit Plaintiff to file the First Amended

22   Complaint that has been lodged with the Clerk of Court.  In a previous order (Doc. #15), the

23   District Court dismissed one of the claims in Plaintiff's original complaint regarding

24   unsanitary conditions because he failed to exhaust his administrative remedies.  Plaintiff

25   again alleges unsanitary conditions in his proposed First Amended Complaint.  Because that

26   claim has been dismissed, Plaintiff may not include it in an amended complaint.  Plaintiff

27   may file a new First Amended Complaint that does not contain an allegation about unsanitary

28   conditions at the jail.

**IT IS THEREFORE ORDERED:**

   (1)   That Plaintiff's Motion for Leave to File Amended Complaint (Doc. #21) is **granted**;

   (2)   That on or before **Monday, April 10, 2006,** Plaintiff may file a new First Amended Complaint that does not contain an allegation about unsanitary conditions at the jail. After the new First Amended Complaint is filed and if it complies with the court's order, the court will order the U.S. Marshal's Service to serve any new defendants.

   DATED this 16th day of March, 2006.

_____
Edward C. Voss
United States Magistrate Judge